# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ———————————————————— ) | | |
| CYNTHIA FOSS d/b/a HUNTER FOSS DESIGN, ) | | |
| Plaintiff, ) | | |
| ) | | |
| ) | | |
| ) | | |
| ) | | |
| v. ) | | **CIVIL ACTION** |
| ) | | **20-12167-TSH** |
| ) | | |
| EASTERN STATES EXPOSITION, ) | | |
| Defendant. ) | | |
| ————————————————————) | | |

.

## MEMORANDUM OF DECISION AND ORDER
### March 23, 2022

**HILLMAN, D.J.**

## Background

Cynthia Foss ("Foss" or "Plaintiff") has filed an Amended Complaint against Eastern States Exposition ("Eastern") alleging claims for copyright infringement in violation of 17 U.S.C. § 106(1)-(3), (5), and violation of the U.S. Visual Artists Rights Act, 17 U.S.C. § 106(a)1)(A)("VARA"). More specifically, Foss alleges that without her consent, Eastern used copyrighted works of her "photo-realistic artistic compilations and art installation pieces," which she had created for St. Joseph's Abbey ("St. Joseph's"), in marketing videos. Foss further alleges that in its videos, Eastern did not give her attribution for the work.

This Memorandum and Order of Decision addresses Defendant Eastern States Exposition's Motion To Dismiss First Amended Complaint With Prejudice (Docket No. 23).  For the reasons set forth below, that motion is *granted*.

## **Facts**[1]

### Summary of the Facts Underlying Foss's Claims

Eastern is a non-profit organization whose principal focus is the operation of an annual fair ("The Big E") that celebrates the history, culture, and traditions of the six New England states. St. Joseph's is a cloistered, self-supportive monastery of monks who learned the Trappist brewing method and in 2013, opened the Spencer Brewery ("Spencer Brewery") in Spencer, Massachusetts to help support their community and charities. In 2016, St. Joseph's was a participant at The Big E, that is, it rented exhibit space to provide information to the public regarding the monastery and Spencer Brewery. In an effort to assist St. Joseph's, Eastern allowed the monks to create a replica of their dining room (the "Exhibit Panel") to be displayed at The Big E as a space where visitors could learn about their community and sample their product.

St. Joseph paid Foss, a graphic artist, to assist in creating the Exhibit Panel, which consisted of large photo-realistic compilation prints, and executed a contract that gave the monks a license to certain uses of the Exhibit Panel. To further assist St. Joseph's, Eastern created a video of an interview with "Father Isaac," the lead monk overseeing the brewery project, that was conducted at The Big E exhibit as part of its informative "CoffeE with JuliE" series. That video appeared on Facebook and YouTube in a time period including 2017 (the "2017 Video").

---

[1] This summary of the facts is taken from the multiple suits, including the instant action, which Foss has filed against Eastern, St. Joseph's, the brewery run by St. Joseph's (Spencer Brewery) and other entities which were affiliated with Eastern or participated in the Big E during the relevant time.

Foss (as she must)  acknowledges that her prior claims against St. Joseph's and Spencer Brewery were resolved, with prejudice.

<u>Procedural History</u>

Foss has filed multiple prior complaints against Eastern in this Court and Massachusetts state court alleging copyright infringement  and various state law causes of action, all of which were ultimately dismissed *with prejudice*.  A summary of those causes of action is set forth below. Where helpful, additional relevant facts which expand on the parties' arguments are included in the discussion.

Foss's first complaint against Eastern (filed in 2018) asserted claims for copyright infringement as well as various state tort and statutory claims. Foss's state law claims were dismissed with prejudice. Her copyright infringement claim was dismissed, for failure to adequately plead that she had fulfilled the registration precondition of that claim; the dismissal was without prejudice. *See Foss v. Spencer Brewery, et al.*, 356 F.Supp.3d. 168 (D.Mass. 2019). Foss's second complaint, which was filed in state court in July 2018 (shortly after dismissal of her first complaint) and removed to this Court, again alleged a claim for copyright infringement and various state tort and statutory law claims.  Foss's state law claims were dismissed with prejudice. Foss's copyright infringement claim was dismissed, again without prejudice, for failure to allege that the work at issue had been registered with the U.S. Copyright office. At the same time, the Court granted her a final opportunity to amend her complaint to state a plausible claim for copyright infringement and advised her that  if she failed to do so, her copyright infringement claim would be dismissed with prejudice. *See Foss DBA Hunter Foss Design v. Spencer Brewery, et al.,* Civ.Act.No. 18-40125-TSH, *slip op.*, at p.  7 (D.Mass. Mar. 19, 2019).

Foss then filed an amended complaint against Eastern and others asserting a claim for copyright infringement. Eastern moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) *with prejudice*, on the grounds that Foss had failed to state a claim upon which relief can be granted as she failed to describe or identify the underlying work, nor had she alleged that Eastern has copied original elements of a registered work, and still had not alleged that she had registered the work at issue. *See Foss DBA Hunter Foss Design v. Spencer Brewery, et al.,* Civ.Act.No. 18-40125-TSH at Docket No. 26 (Defendant Eastern States Exposition's Mot. To Dismiss with Prejudice). Foss did not respond Eastern's motion to dismiss and therefore, her amended complaint (which contained only the copyright infringement claim), was dismissed with prejudice. *See Id.*, at Docket Entry No. 30. Foss did not seek to vacate the order of dismissal with prejudice, nor did she appeal the judgment.

Foss, represented by counsel, filed the instant complaint on December 4, 2020 alleging claims for copyright infringement and violation of VARA. Thereafter, Eastern filed a motion to dismiss with prejudice and Foss filed an amended complaint, as of right, again asserting claims for copyright infringement and violation of VARA. In her amended complaint, Foss withdrew allegations of "later infringement."

### Discussion

Eastern has filed a motion to dismiss Foss's latest complaint on the grounds that her claims for copyright infringement and violation of VARA are factually baseless and, in any event, are barred by *res judicata.* Foss, on the other hand, asserts that Eastern's motion to dismiss should be denied for failure to comply with LR, D.Mass. 7.1(a)(2), because Eastern should be

judicially estopped from asserting *res judicata* and/or Eastern has failed to establish that *res judicate* should be applied in this case.[2]

<u>Whether Foss's Claims should be Dismissed on *Res Judicata* Grounds</u>

Eastern seeks dismissal of Foss's claims under VARA and for copyright infringement (direct and indirect) and on the grounds that they are barred by principles of res judicata.[3] Federal law governs the res judicata effect of a prior federal court judgment. *Swaida v. Gentiva Health Servs.*, 238 F. Supp. 2d 325, 327 (D. Mass. 2002). To establish entitlement to res judicata, a party must show that there is "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Mass. Sch. of Law at Andover v. Am. Bar Assoc.*, 142 F.3d 26, 37 (1st Cir. 1998) (quoting *Gonzalez v. Banco Cent. Corp.*, 27 F.3d 751, 755 (1st Cir. 1994)). Moreover, "'[f]ederal claim preclusions law bars parties from relitigating claims that could have been made in an earlier suit, not just claims that were actually made. The doctrine of claim preclusion serves at least two important interests: protecting litigants against gamesmanship and the added litigation costs of claim-splitting, *and preventing scarce judicial*

---

[2] Foss requests that the Court deny Eastern's motion to dismiss for violation of LR, D.Mass. 7.1(a)(2)(requiring parties to confer prior to filing motions with court in order to narrow or resolve the issues) because prior to filing that motion, Eastern failed to confer with her counsel as to *all* grounds on which it would be seeking dismissal. That request is summarily denied. Additionally, Foss's contends that Eastern should be estopped from asserting that the dismissal of her copyright claim in *Foss DBA Hunter Foss Design v. Spencer Brewery, et al.,* Civ.Act.No. 18-40125-TSH was on the merits because at the hearing *on the motion to dismiss the original complaint*, Eastern argued that it was not seeking dismissal on the merits, but rather on jurisdictional grounds. This argument is beyond spurious as Foss (more specifically her counsel) chooses to ignore that in that case, the Court granted Eastern's motion to dismiss *Foss's subsequent amended complaint*, as to which Eastern argued that dismissal was warranted under Rule 12(b)(6) for failure to state a claim for which relief can be granted. That dismissal was *with* prejudice.

[3] Eastern argues that Foss's claim against it based on indirect infringement (contributory or vicarious) is barred under by the doctrine of issue preclusion as in *Foss v. Spencer Brewery,* No. 19-40098-TSH, the Court entered judgment on the merits in favor of the alleged direct infringer, Spencer Brewery. Foss's written submissions do not address Eastern's argument  and therefore, she has waived any opposition to Eastern's motion to dismiss any such claim.

*resources from being squandered in unnecessary litigation.*" *Airframe Systems, Inc. v. Raytheon Co.,* 601 F.3d 9 (1st Cir. 2010)(emphasis added).

Foss has filed multiple complaints against Eastern asserting a claim for copyright infringement. All her prior complaints against Eastern related to the Exhibit Panels and related works she created for St. Josephs for use at the Big E in 2016. Such works were displayed  at St. Joseph's exhibit and were contemporaneously included in the background of marketing videos created by Eastern and others to promote the Big E. During an interview of one of the monks which was later uploaded to social media, a protracted discussion included reference to some of the prints without any attribution to Foss. Her prior complaints against Eastern, which were all filed in 2018, alleged claims for copyright infringement and various state law tort and statutory claims; she did not assert any claims under VARA.

Foss's copyright infringement claim in the first two complaints was dismissed without prejudice. However, in *Foss DBA Hunter Foss Design v. Spencer Brewery, et al.,* Civ.Act.No. 18-40125-TSH, that claim was dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state a claim (she had failed to assert that she had registered her copyright, as required under 17 U.S.C. § 411(a)).  In the instant complaint, Foss asserts claims for copyright infringement similar to those asserted in her prior complaints, however, she now alleges that on April 19, 2017, the works in question were registered in the U.S. Copyright Office. She also has added a claim for violation of VARA. As explained in more detail below, Foss's attempt to resurrect her cause of action fails as: (1) the Court previously dismissed her copyright infringement claim on the merits; and (2) to the extent she is asserting a new claim under VARA or attempting to recharacterize her copyright infringement claims, such claims are barred by res judicata as they should have been asserted in the prior action(s).

Eastern has established that Foss's claim against it for copyright infringement is barred by *res judicata* as: (1) such claim was previously dismissed on the merits and with prejudice; (2) the causes of action and parties between this case and the prior action are substantially identical (so far as the copyright infringement claims goes)[4]; and (3) the final judgment in *Foss DBA Hunter Foss Design v. Spencer Brewery, et al.,* Civ.Act.No. 18-40125-TSH was on the merits for the purposes of *res judicata*.[5]  As to her VARA claim (and any new copyright infringement claim she may be asserting), such "causes of action arise under the same 'common nucleus of operative facts,' which formed the basis of her prior complaints[6], that is, 'the facts are related in time, space, origin or motivation, ' 'they form a convenient trial unit,' and … treating them as a unit '[would conform] to the parties' expectations.'" *Airframe Systems, Inc.,* 601 F.3d at 15 (internal citations and citations to quoted cases omitted). I find that such claims could have been brought in the prior actions and therefore are barred by claim preclusion. For these reasons, Eastern's motion to dismiss *with prejudice* is granted.[7]

---

[4] The prior actions involved Foss and Eastern (among others). Foss attempts to differentiate her copyright infringement claim in this case by asserting that she is relying on works other than those she sued for in the prior cases (or more to the point, she has identified the works she alleges Eastern infringed with more specificity in the instant case). However,  for all intents and purposes, her claim is identical.

[5] As the Supreme Court noted in *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 101 S.Ct. 2424 (1981), "[t]he dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'"  *Id.* at 399; 101 S.Ct. 2424; *see also Andrews–Clarke v. Lucent Techs., Inc.*, 157 F.Supp.2d 93, 99 (D. Mass. 2001) (noting that dismissal for failure to state a claim is "presumed to be with prejudice unless the order explicitly states otherwise" and thus "has a claim preclusive effect").

[6] In referring to the prior complaints, the Court is mindful that while the state law claims arising from such operative facts were dismissed with prejudice in the first and subsequent complaints, it was only as to the amended complaint filed in in *Foss DBA Hunter Foss Design v. Spencer Brewery, et al*., Civ.Act.No. 18-40125-TSH that the copyright infringement claim dismissed with prejudice.

[7] Since I have found that Foss's VARA claim is barred by claim preclusion, it is not necessary for me to address Eastern's argument that it should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

## <u>Conclusion</u>

Defendant Eastern States Exposition's Motion To Dismiss First Amended Complaint

With Prejudice (Docket No. 23) IS **_granted_**.[8]

/s/ **_Timothy S. Hillman_**
TIMOTHY S. HILLMAN
DISTRICT JUDGE

---

[8] Eastern has requested that it be recognized as a "prevailing party" under 17 U.S.C. § 505 and be awarded costs and attorney's fees. Eastern shall file a separate motion for costs and attorney's fees on or before April 15, 2022. Eastern's motion shall specify the specific costs and fees it is seeking and shall include supporting documentation.  Foss shall file any opposition thereto by April 27, 2022.