UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CYNTHIA "CINDY" FOSS d/b/a HUNTER FOSS DESIGN & INTEREST,<br>　　　　　Plaintiff,<br><br>v.<br><br>EASTERN STATES EXPOSITION<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. ACT. NO. 20-12167-TSH |

**MEMORANDUM OF DECISION AND ORDER**
March 14, 2024

**HILLMAN, S.D.J.**

**Background**

Cynthia ("Cindy") Foss ("Foss" or "Plaintiff") has filed a Complaint against Eastern States Exposition ("Eastern" or "Defendant") alleging claims for copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §106(1)-(3), (5), and Violation of the United States Visual Artists Rights Act ("VARA"), 17 U.S.C. §106A(a)(1)(A). More specifically, Foss alleges that without her consent, in marketing videos, Eastern used copyrighted works of her "photo-realistic artistic compilations and art installation pieces," which she had created for St. Joseph's Abbey (the "Abbey"). Foss further alleges that in its videos, Eastern did not give her attribution for the work

A brief summary of the procedural events culminating in this Memorandum and Order of Decision addressing Eastern's second motion to dismiss Foss's Amended Complaint is helpful to understanding the present posture of this matter.[1] On December 4, 2020, Foss filed the instant action. On February 24, 2021, Eastern filed a motion to dismiss then original Complaint, with prejudice.  On March 3, 2021, Foss filed an Amended Complaint, as of right, asserting identical claims supported by substantially the same allegations.[2] On March 24, 2021, Eastern filed a motion to dismiss Foss's Amended Complaint on the grounds that this suit is barred by principles of *res judicata*. More specifically, Eastern asserted that this suit is barred by the claim preclusive effect of the following actions Foss had previously filed against Eastern: (1) on June 27, 2018, this Court had dismissed substantially identical claims against Eastern brough by Foss in the case of *Foss v. Spencer Brewery, et al*, 18-40011-TSH[3]; (2) On May 31, 2019, this Court for the second time dismissed substantially identical claims against Eastern, this time in the case of *Foss v. Spencer Brewery, et al*, 18-40125-TSH ("Civ. Act. No. 18-40125")[4]; and on October 29, 2018, the Court had dismissed a case brought by Foss involving identical claims against

---

[1] The Court's summary is limited to the procedural posture of the motions before it—in reality, this matter arises from a long and torturous procedural history which includes the filing of multiple complaints in multiple jurisdictions over a prolonged period of time. The Court will provide a more comprehensive outline of how the case has arrived at this point throughout the opinion. Additionally, the First Circuit opinion, cited *infra* sets forth a detailed description of this case's history.

[2] This Court's rules of procedure provide that a party may amend their complaint as a matter of course within 21 days after service of a motion to dismiss under Fed.R.Civ.P. 12(b). *See* Fed.R.Civ.P. 15(a)(1)(B).  Foss's filing of the Amended Complaint mooted Eastern's motion to dismiss. Nevertheless, Foss filed an opposition to that motion.  Given that the motion to dismiss was effectively mooted, it was never addressed by the Court. *See* Docket Entry No. 29 (finding motion to dismiss original complaint moot).

[3] The case was dismissed for failure to state a claim for the reasons stated in Eastern's supporting memorandum.  Foss had not opposed the motion to dismiss.

[4] This case was originally filed in Massachusetts state court and was removed to this Court by the Abbey and another defendant. The case was dismissed for failure to state a claim for the reasons stated in Eastern's supporting memorandum.  Foss had not opposed the motion to dismiss.

Eastern as those set forth in Civ. Act. No. 18-40125. *See Foss v. Spencer Brewery, et al*, 18-40122-TSH[5].

On March 23, 2022, the Court granted Eastern's Motion to Dismiss on the grounds that her claims were barred by principles of res judicata and/or failed to state a claim upon which relief may be granted. *See Memorandum of Decision and Order*, dated March 23, 2022 (Docket No. 31). Foss appealed to the First Circuit. On appeal, the First Circuit reversed the judgement in Eastern's favor after finding that this action is not barred by claim preclusion as the result of Foss's failure to have satisfied a precondition to suit (the only res judicata ground argued by Eastern). *See Foss v. Eastern States Exposition*, 67 F.4th 462 (1st Cir. 2023)[6]. The Circuit did not address whether the claims may be barred on other res judicata grounds such as issue preclusion. The Circuit also left open the question of whether claim preclusion may bar the instant action on prejudiced-based grounds. *See Foss*, 67 F.4th at 466 n.6, 468-69, 473. Although taking no position on the outcome, the Circuit intimated that upon remand, Eastern would be free to pursue any other grounds for barring the instant action left open by its decision.

Following remand, Eastern has filed a renewed motion to dismiss seeking dismissal of the Amended Complaint on the grounds that allowing Foss to pursue yet another action against it is unfair and prejudicial, and her claims are barred by the statute of limitations. *See* Eastern States Exposition's Motion to Dismiss (Docket No. 54). Foss has filed a motion to exclude matters outside the pleadings on the grounds that the factual matters asserted by Eastern go

---

[5] This case was originally filed in Massachusetts state court and was removed to this Court by Eastern and another defendant. This action was the same state court suit as Civ. Act. No. 18-40125 and had inadvertently been assigned a different case number after being removed from state court by different defendants. The case was dismissed at the request of the parties as a duplicative cause of action.

[6] The Circuit held that federal res judicata law recognizes the alternative determination doctrine (as modified by the court) which, in general, "strips a dismissal of claim preclusive effect if the dismissal rests on multiple grounds, not all of which would on their own render the dismissal claim preclusive." *Foss,* 67 F.4th at 463, 474. The Circuit further held that a claim based on a failure to satisfy a precondition to suit is not necessarily claim preclusive. *Id.*, at 474.

beyond what is asserted in the Amended Complaint. *See* Cynthia Foss's Rule 12(D) And 56(D) Motion To Exclude Matters Outside The Complaint Or, Alternatively, To Permit Discovery Into Such Matters (Docket No. 56).

For the reasons set forth below, Foss's motion to strike and/or for additional discovery is *granted*, in part, and *denied*, in part. Eastern's motion to dismiss is *granted*.

### Discussion

#### *Foss's Motion to Strike/For Additional Discovery*

Foss contends that in support of its motion to dismiss her claims on unfairness/prejudice grounds and/or violation of the statute of limitations, Eastern has relied on matters outside of the pleadings. In ruling on whether the complaint states an actionable claim, the court must consider only the complaint and documents annexed to it; the court cannot consider affidavits and miscellaneous documents proffered by parties, *unless* such other materials are fairly incorporated within the complaint, or are susceptible to judicial notice. *Rodi v. S. New England Sch. Of Law*, 389 F.3d 5, 12 (1st Cir. 2004); *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)(in deciding a motion to dismiss, the court may consider "documents the authenticity of which are not disputed by the parties; ... official public records; ... documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint."). In this case, Eastern has relied on facts supported by materials outside the record, specifically, docket entries and court orders in separate (but related) matters, a letter sent by Foss to Eastern in 2017, *which she referenced to and relied on in her original Complaint* (*see* Docket No. 1, p. 21 at ¶ 21), and snapshots from Foss's Instagram account showing posts and deleted content. In other words, the matter outside of the pleadings relied upon by Eastern are documents/information which are a part of the public record (or readily available to the public) and/or in her possession, custody and control. As to the

4

letter Foss sent to Eastern which is referenced in her original complaint, such information is quintessentially the type which are susceptible to judicial notice. Accordingly, Foss's motion to strike the letter is denied, as are facts supported by docket entrees and prior court orders in related cases (the Court notes that Foss refers to the prior suits on multiple occasions in the Amended Complaint, thereby incorporating the allegations contained therein by reference). Foss's social media posts and deletions are a closer question.  An argument could be made that the posts are incorporated by reference into the complaint as they relate to Foss's various theories of the case, however, given that Eastern's motion can be resolved without reference to the social media posts cited by it, the Court need not resolve the question. The Court has not considered the Foss's Instagram posts cited by Eastern in support of its motion to dismiss and therefore, Foss's motion to strike the same is *granted*.  Accordingly, Foss's motion to the extent it seeks additional discovery prior to the Court's ruling on Eastern's motion to dismiss is *denied*.

### *Whether the Instant Action should be Dismissed on Prejudice Grounds*

In vacating this Court's dismissal of Foss's claims in the instant suit, the First Circuit recognized that "in holding that a dismissal  based on failure to satisfy a condition precedent to suit is in general not claim preclusive under Massachusetts law  … such a failure might be preclusive under Massachusetts law if 'the plaintiff's failure to satisfy [the] precondition before bringing the first suit prejudices the defendants'. " *Foss*, 67 F.4th at 468-69 (citation to quoted case omitted). At the same time, the Circuit noted that this Court had not addressed whether "a prejudice-based ground for deeming the dismissal … claim preclusive was applicable." Eastern has accepted the First Circuit's invitation to seek dismissal of this action on the grounds that it would be prejudiced if Foss were permitted to pursue her copyright infringement claim and other causes of action in this, the third suit she has brought against it on the same underlying facts and

legal grounds. More specifically, Eastern asserts that it has been prejudiced by Foss's failure to satisfy a condition precedent, *i.e.*, the copyright registration requirement set forth in 17 U.S.C.§411(a), in the *multiple* cases she filed prior to bringing the instant copyright infringement action.

In its opinion, the Circuit set out in careful detail the multiple actions that Foss has brought against Eastern in this Court and Massachusetts state court[7] seeking to recover for Eastern's alleged exploitation of photographs she took on behalf of the Abbey for use at a booth at the Big E exposition ("Big E")[8] to promote products produced by a brewery it owned and operated ("Spencer Brewery").[9] *See Foss*, 67 F.4th at 464-65. Moreover, the Circuit described the multiple opportunities that Foss had to cure the identified deficiency with respect to her copyright infringement claim in the suits she filed prior to the instant action, *i.e.*, failure to fulfill the copyright registration-related precondition set forth in §411(a). *Id.*, at 468-69, 471. In its motion, Eastern details the extensive legal work and court proceedings which it has undertaken in connection with Foss's multiple suits, such as: having to respond to her multiple complaints, motions (including motions for injunctive relief) and discovery requests, preparing counterclaims, engaging in dispositive motion practice, and attending and preparing for status/scheduling conferences. Easten also engaged in attempts to mediate Foss's claims, which included having to prepare a detailed memorandum, and both counsel and Eastern's Chief

---

[7] As set forth in the Court's background summary, the state court case was removed to this Court.

[8] The Big E is an annual, multi-state exhibition which is run by Eastern and held in Springfield, MA.

[9] More specifically, Foss took pictures of the interior of the Abbey dining hall comprised largely of stained-glass windows and interior stoned walls, enlarged them and displayed them in such a way as to recreate the dining hall in the Abbey's/Spenser Brewery's booth at the Big E. Eastern video-taped an interview with Father Isaac, lead monk at the Abbey/Spenser's Brewery, which was conducted inside the re-created dining room as part of an ongoing informative series with "CoffeE with Julie." Foss asserts that Eastern violated her intellectual property rights by showing the video interview with Father Isaac on You Tube and Face Book to promote the Big E without attributing the alleged works of art in the background to her (*i.e.,* the photographs depicting the interior of the Abbey dining hall).

Executive Officer appearing in person for a mediation session with a United States Magistrate Judge in Worcester, Massachusetts. Additionally, during the course of the litigation, Foss, who was then represented by counsel, filed a *pro se* motion to compel arbitration. Moreover, given that Foss did not appeal from prior dismissals of her claims, significant time has passed during which memories have obviously faded and evidence has been lost or destroyed (not to undermine the litigation, but because it was thought that finality had been achieved).[10]

I find without serious question that Foss's failure to satisfy §411(a)'s precondition in the multiple actions filed prior to this suit, despite having been advised of the necessity to do so, has prejudiced Eastern and that it would be manifestly unfair to force it to again have to defend against Foss's claims. Moreover, the failure to satisfy the precondition rests solely on Foss's shoulders—she was represented by counsel who presumably knew and understood the prerequisites for pursuing her claims. At the same time, she was actively involved and attentive to what was happening in her case as evidenced by her filing motions *pro se* while represented by counsel. Nonetheless, in the prior multiple suits filed in multiple jurisdictions over multiple years, she failed to plead that she had taken the necessary action to comply with §411(a). Her failure is particularly troublesome, and frankly inexplicable, given that the evidence on the record is she satisfied §411(a)'s precondition prior to filing previous suits.

Simply put, the multiple litigations that Foss has brought against Eastern regarding the same underling facts and legal theories has caused Eastern to have to rigorously defend itself at *great* cost and vexation. Given the extreme prejudice that would result to Eastern should this

---

[10] In her motion to exclude matters outside of the pleading, Foss argued that any prejudice suffered by Eastern was speculative and/or relied on matters outside of the pleadings. As stated in the Court's prior discussion of Foss's motion to strike, evidence relating to the prejudice suffered by Eastern can be found in documents, pleadings, etc. filed in the multiple related cases filed by Foss and therefore, is subject to judicial notice. Moreover, common sense supports long recognized propositions such as memories fade over time.

case go forward, the Court finds that claim preclusion bars this action due to Foss's failure to have previously satisfied §411(a)'s precondition (or failure to have previously pled the satisfaction of the same). Accordingly, Eastern's motion to dismiss is *granted*.

### *Foss's Assertion that the Court may not Consider Easten's Statute of Limitation's Argument*

Eastern seeks to dismiss Foss's Amended Complaint on the grounds that her claims are barred by the statute of limitations. Foss asserts that pursuant to this Court's rules of procedure, Eastern is barred from seeking dismissal of this action on statute of limitations' ground because it failed to raise the issue in its first motion to dismiss. *See* Fed.R.Civ.P. 12(g), 12(h). Foss argues that this Court should deny the motion to dismiss on statute of limitation grounds without addressing its merits and instead, require Eastern to seek dismissal on such grounds pursuant to a motion for judgement on the pleadings.

A literal reading of Rules 12(g) and 12(h)(2) supports Foss's position, *i.e.*, while Eastern has not waived its statute of limitations defense by failing to seek dismissal on that ground in its first motion to dismiss, it cannot seek dismissal on such ground in a subsequent motion to dismiss but, instead, must raise the issue in a motion for judgment on the pleadings after filing an answer. However, because the standard of review for motions to dismiss and judgment on the pleading is identical, the First Circuit and other federal courts have not applied the rule as strictly as its wording would dictate. Instead, the courts have found that pursuant to Rule 12(h)(2), a party may file a motion to dismiss pursuant to Rule 12(b)(6) at any time before or at trial.[11] Accordingly, the Court will consider Eastern's motion to dismiss Foss's Amended Complaint on statute of limitations grounds. In doing so, the Court applies the well-known and oft cited standard of review governing motions to dismiss.

---

[11] A motion to dismiss on statute of limitations grounds is considered a motion to dismiss for failure to state a cause of action under Rule 12(b)(6).

It is undisputed that a three-year statute of limitations applies to Foss's claims. On the record before the Court, it is clear that Foss did not file suit within the requisite three-year period and therefore, her claims are barred by statute of limitations. More specifically, given Foss's own allegations and documentation from the various cases she has filed against Eastern, it is clear that she knew or should have known of her cause of action well before December 4, 2017[12]. In so holding, the Court notes that Foss's attempts to save her claims by attributing third party actions to Eastern, and/or asserting a continuing infringement theory are spurious given the allegations in her various pleading which do not support such theories.

## Conclusion

1. Eastern States Exposition's Motion to Dismiss (Docket No. 54) is **granted** for the reasons stated in this Memorandum of Decision and Order; and

2. Cynthia Foss's Rule 12(D) And 56(D) Motion To Exclude Matters Outside The Complaint Or, Alternatively, To Permit Discovery Into Such Matters (Docket No. 56) is **granted,** in part, and **denied,** part, as provided in this Memorandum of Decision and Order.

/s/ **Timothy S. Hillman**
TIMOTHY S. HILLMAN
SENIOR DISTRICT JUDGE

---

[12] In her Amended Complaint, Foss has avoided alleging specific dates regarding alleged wrongful acts or conduct by Eastern with respect to her copyright infringement and VARA claims. However, she made specific references to such dates in her prior suits against Eastern and she references those suits in her Amended Complaint.